**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARTHUR HAIRSTON,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE A. GALLAGHER, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-04008 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Amended Complaint, ECF No. 3, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues two U.S. District Judges for the District of Maryland, the U.S. Attorney for the District of Maryland, and an Assistant U.S. Attorney. He alleges that Defendants violated his constitutional rights by failing to have a "physician specialist decide if [his] physical and mental disability [has] changed . . . from permanent to partial" in Social Security Act proceedings filed in the District of Maryland. He demands $4 million in damages.

*First*, in essence, Plaintiff asks this Court to review judicial determinations made by another federal district, but this Court possesses no such jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

*Second*, the Defendant judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

*Third*, the prosecutor Defendants are also immune to damages suit. Sovereign immunity precludes damages suit against the United States, its agencies, and its officials, except upon waiver. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Clark v. Library of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, Plaintiff has not established that the prosecutors have consented to be sued for damages in their official capacities. More, the Supreme Court has held that there is generally no *Bivens* remedy for constitutional violations in the administration of federal benefits programs, including social security benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 428–29 (1988).

For these reasons, this matter is dismissed without prejudice. Plaintiff's Motion for Summary Judgment, ECF No. 4, is denied as moot and procedurally improper. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 28, 2026